UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW HANOVER REGIONAL HOSPITAL,<br><br>　　　　Defendant. | Case No. C22-821-RSM<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

　　This matter comes before the Court on Plaintiff Justin Baker's Motion to Appoint Counsel. Dkt. #7. Mr. Baker filed this action *pro se* and *in forma pauperis* ("IFP"). Dkt. #1. On June 21, 2022 Magistrate Judge Brian Tsuchida granted Mr. Baker's application to proceed IFP. Dkt. #4.

　　In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent

ORDER - 1

civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

    Mr. Baker has failed to set forth exceptional circumstances warranting the appointment of counsel in this case. He has demonstrated sufficient ability to articulate his claims. The Court cannot conclude at this time whether his claims have a strong likelihood of success on the merits. Given all of the above, the Court will deny this Motion.

    Having Plaintiff's Motion and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Justin Baker's Motion to Appoint Counsel, Dkt. #7, is DENIED.

    DATED this 9th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 2