UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW HANOVER REGIONAL HOSPITAL,<br><br>    Defendant. | Case No. C22-821-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Justin Baker's Motion for Reconsideration (Dkt. #11) of the Court's Order (Dkt. #10) denying his Motion to Appoint Counsel (Dkt. #7).

The Motion is DENIED for several reasons. First, Mr. Baker has not met the standard for reconsideration:

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

ORDER - 1

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Second, Mr. Baker has not met the standard for appointment of counsel at public expense, in any event. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

ORDER - 2

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

While Mr. Baker is proceeding *in forma pauperis*, the Court still cannot conclude at this time whether his claims have a strong likelihood of success on the merits.

Having Plaintiff's Motion and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff Justin Baker's Motion for Reconsideration, Dkt. #11, is DENIED.

DATED this 19th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3